June, 1810.

DICKINSON
v.
POTTER.

———

NATHANIEL O. DICKINSON *against* THADDEUS POTTER.

The remedy upon the statute (tit. 125. c. 1. s. 7.) for a secret assault, is by a *qui tam* prosecution, and not by a complaint in the name of the party injured alone. Such prosecution is *criminal* in its nature, and the process *forthwith*.
Quære, whether it must

WRIT of error.

This was a complaint against *Potter* upon the statute, tit. 125. c. 1. s. 7. for a secret assault upon the body of *Dickinson*.

The complaint was as follows: " To *Samuel Hopkins*, Esq. a justice of the peace for the county of *Litchfield*, comes *Nathaniel O. Dickinson*, of *Goshen*, in said county, and complaint makes, that on the second day of instant *May*, at *Norfolk*, in said county, he the complainant in the peace being, and about his lawful business, *Thaddeus Potter*, of said *Goshen*, an assault secretly on the body of him

appear from the complaint and finding of the justice, what hurts or wounds the complainant received, and that he exhibited the same to the justice?

3

the complainant did then then and there at said *Norfolk* make, and him the complainant the said *Potter* did secretly beat and wound, with clubs and other deadly weapons, which is against the peace, and contrary to a paragraph of a certain law of this state, ' entitled an act against breaking the peace,' and for detecting and punishing such assaults; which is to the damage of your complainant three hundred dollars.

" Wherefore your complainant prays, that he may be examined in the premises, according to the statute in that case made and provided, and that due process may issue according to law."

On this complaint a warrant was issued, and the defendant was arrested forthwith and brought before the justice. After having examined the complainant under oath, according to the statute, and also other witnesses, produced by the parties respectively, the justice bound over the defendant to the county court.

The defendant there pleaded *not guilty;* and the jury found a verdict against him.

He then moved in arrest of judgment,

1. Because the complaint does not state what hurts or wounds the complainant received from the defendant; nor does it appear from the record that any wound or hurt was shown to the justice.

2. Because the complaint is prosecuted by the complainant alone, and for his sole benefit; whereas it ought to have been in behalf of the state, or county treasurer, as well as in his own behalf.

The county court overruled this motion in arrest, and rendered judgment against the defendant. A writ of error being brought, that judgment was 'reversed by the superior court. The original complainant then brought the present writ of error, praying for a reversal of the judgment of the superior court, and assigning the general errors.

*Bacon*, in support of the judgment of the superior court, relied upon the same exceptions to the complaint and process as those contained in the motion in arrest before the county court.

*Gould*, contra.

EDMOND, J.   The exceptions taken to the judgment of the county court are, 1. That the complaint does not state what hurts or wounds were received; and, 2. That the plaintiff prosecutes in his own name, and for his own benefit only, without joining the state in the process.

The statute on which this action is brought creates no new offence, but gives a *remedy* by a forthwith process, and the introduction of a species of evidence unknown to the common law, where adequate redress could not before be had.   It clothes the individual injured, and *no other*, (not even informing officers,) with power to inform and prosecute on this statute, and enforce its penalties.   The party and the state have an interest in the prosecution; and if the individual injured will avail himself of the privilege, he must pursue the statute strictly, and enforce the entire remedy.   This he cannot do, but by joining the state in the prosecution; and when so joined, the action is criminal, and the process forthwith.

I think, therefore, the judgment of the superior court ought to be affirmed.

In this opinion the other judges severally concurred.

Judgment affirmed.